# Phillips, Appellant, *v.* Westminster Church.

*Church law—Sale of church building—Removal to more convenient locality.*

A religious corporation owning a church building has the right, in the absence of any provision in a statute or in its charter to the contrary, to sell the church for the purpose of rebuilding in another locality more convenient to its members, and the mere fact that the contributors to the fund from which the church was built intended that it should be built where it was, does not in itself involve a condition that

the place of worship should not be removed if the best interests of the congregation required a removal.

Argued March 29, 1909. Appeal, No. 362, Jan. T., 1908, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1906, No. 1,624, dismissing bill in equity in case of Phillips et al. v. Westminster Church. Before MITCHELL, C. J., FELL, MESTRE-ZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to restrain the sale of the Westminster church situated on the west side of Broad street near Fitzwater street of the city of Philadelphia.

SULZBERGER, J., filed the following opinion:

The principles that govern the adjudication of this case are quite simple. The Corporation known as the Westminster church owns the building on Broad street, and has, at common law, the right to sell it if the same is no longer suitable for its business, and with the proceeds build or buy another. This common-law right exists unless taken away by statute or charter, and no provision of either statute or charter has been pointed out, which abridges the right. On the contrary, art. 16 of the charter of 1859 expressly provides, in strict conformity with the act of 1855, that "All property, real and personal whatsoever now pertaining or that shall hereafter be devised, bequeathed or conveyed to said corporation shall be taken and held by said trustees and shall inure subject to the control and disposition of the lay members of the said church." Here there is a church corporation vested with full power to hold and dispose of all its property subject to but this one condition; it is incorporated as a Presbyterian church. It has no power to divert its revenues, or to expend them, for any other purpose than the worship of God and to maintain the building as a place of worship.

Unless, therefore, it shall be clearly shown by the terms of a specific gift constituting an appreciable portion of the fund that raised the church, that a trust had been fastened upon the corporation expressly to remain forever in the particular location designated, no question of the right of removal can arise.

There is, however, nothing in the evidence to show that this church was erected for any other purpose than as a place of worship. No neighborhood was specially sanctified by the terms of any gift or other provision. Probably a number of persons subscribed and paid their money toward the erection of the Broad street church, because it was in a neighborhood which they thought adapted for efficient gospel work. The building was erected, undoubtedly, where the people who gave the money wanted it to be placed. If this constituted a condition, express or implied, it was fulfilled.

Complaint, however, is now made that it is about to be broken, and this necessitates an examination of the meaning of such a condition. Upon this point, the language of Mr. Justice DEAN, in Cushman v. Church of the Good Shepherd, 188 Pa. 438, is controlling, He there held that such a condition cannot mean that through all the mutations of time a church will be perpetually maintained at a particular spot, but that, on the contrary, it must be assumed that both the corporation and the contributors made the condition, subject to the law of the church, that if the congregation became depleted in numbers and substance by reason of death and removals or shifting of population, this particular church might be disposed of and all the associations connected with it should, as nearly as possible, be transferred to a successor, wisely located in a new field. That it was forever to remain in that place, even though not a single worshiper entered its doors, is an unreasonable interpretation.

The facts as found show that the great majority of the congregation and the corporators are agreed that the removal from the Broad street site is wise, and this conclusion is affirmed by the supervisory tribunal of the church. That it is disagreeable to some who have the welfare of the church at large and of this particular congregation at heart, cannot alter the matter. Unanimity of thought and conduct is a goal which, even if it were desirable to be reached, will forever remain unattainable. In practical questions, the legally constituted majority must rule.

There is, of course, a class of church disputes, concerning

which there is a long line of cases, in which the minority triumph over the majority. These are all cases in which religious questions give rise to a schism, and in these the law operates to prevent a diversion of trust funds, whether by a great majority or a small minority. The case before us is entirely devoid of this element. It is, as viewed by the law, a merely practical business question. This corporation thinks it can in another place carry on its business more advantageously than in its present building. It therefore intends to sell its old place and with the proceeds buy a new one which will be better adapted. The right to do this is so obvious and necessary that in no ordinary business corporation could a man be found to question it. In a mere business question like this, however, the church corporation stands before the law exactly like any other corporation. It has the right to exercise its business judgment.

Applying these principles, we find that on the night of February 28, 1906, when the corporation authorized the removal of the congregation temporarily to the Greenway church, West Philadelphia, with a view to building a union church for the enlarged congregation, the removal was legally effected, and that the same, if it needed confirmation, was validly approved by the act of the Presbytery of March 5, 1906.

We find, further, that the sale approved on April 17, 1906, and on October 31, 1906, was approved at meetings validly called. The objection that the call was read from the Westminster pulpit in what had formerly been Greenway church, is of no force. When the removal was properly sanctioned on February 28 and March 5, it became lawful to reduce into act the resolution to remove, and when the session did, on the first Sabbath in April, 1906, actually remove the Westminster Church to West Philadelphia, the new pulpit became the pulpit of the Westminster Church from which notices were to be read.

The notices for the meetings of April 17, 1906, and October 31, 1906, were read from that pulpit, and, therefore, those meetings were validly called: Craig v. First Presby-

terian Church, 88 Pa. 42. The corporation's action in ratifying the contract of sale of the property was legal and valid. We think the plaintiffs have no good cause to complain and the bill must be dismissed with costs.

*Error assigned* was decree dismissing the bill.

*William H. Burnett,* with him *William H. Wood,* for appellant.—Plaintiffs were entitled to a decree in their favor: Langolf v. Seiberlitch, 2 Pars. 64; McAuley's App., 77 Pa. 397; Kerr's App., 89 Pa. 97; Krecker v. Shirey, 163 Pa. 534; Mackenzie v. Trustees of Presbytery, 3 L. R. A. (N. S.) 227; Bose v. Christ, 193 Pa. 13; Ramsey's Appeal, 88 Pa. 60; Roshi's Appeal, 69 Pa. 462; Sutter v. First Reformed Dutch Church, 42 Pa. 503; Jones v. Wadsworth, 4 W. N. C. 514; Attorney-General v. Coopers' Co., 19 Ves. 187; Attorney-General v. Vivian, 1 Russ. 226; Ward v. Hipwell, 3 Giff. 547; Campden Charities, L. R. 18 Ch. Div. 310.

*M. Hampton Todd,* with him *T. Elliott Patterson* and *Robert H. Hinckley,* for appellees, cited: Krecker v. Shirley, 163 Pa. 534; Ehrenfeldt's App., 101 Pa. 186; Fernstler v. Seibert, 114 Pa. 196; McGinnis v. Watson, 41 Pa. 9; Ramsey's App., 88 Pa. 60; McBride v. Porter, 17 Iowa, 203; Craig v. First Presbyterian Church of Pittsburg, 88 Pa. 42.

PER CURIAM, May 20, 1909:
The judgment is affirmed on the opinion of the court below.